IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert James Miller, Jr., #316047, | C/A No.: 1:14-483-RBH-SVH |
| Petitioner, | |
| vs. | |
| | REPORT AND RECOMMENDATION |
| Warden of Broad River Correctional Institution, | |
| Respondent. | |

Petitioner Robert James Miller, Jr., is an inmate at the Broad River Correctional Institution of the South Carolina Department of Corrections who filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.) for a Report and Recommendation on Respondent's motion to dismiss/hold in abeyance and return. [ECF Nos. 32, 33]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion by July 31, 2014. [ECF No. 34]. Petitioner filed a response on July 14, 2014. [ECF No. 37].[1] Petitioner also filed a motion for issuance of subpoena [ECF No. 28], motion for bail [ECF

---

[1] Petitioner subsequently filed several documents to supplement his response. *See* ECF Nos. 40, 41, 46, 49.

1

No. 29], and motion for summary judgment [ECF No. 44]. The motions having been briefed, they are ripe for disposition.

Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's motion to dismiss be granted and Petitioner's motions be denied.

I.      Factual and Procedural Background

According to the guilty plea transcript, Petitioner and his girlfriend were homeless in August 2010 when they were taken in by Mr. Bundrick's brother. Mr. Bundrick's lived down the road from his brother and went on vacation to Alaska. While he was gone, Petitioner and his girlfriend obtained the Mr. Bundrick's confidential personal identification, set up dummy accounts, and transferred over $100,000 from his savings/checking accounts into the dummy accounts, spending some of the money. Petitioner also sold Mr. Bundrick's stock online and collected the proceeds. Upon Mr. Bundrick's return from Alaska, he realized his bank accounts had been emptied, his stock account raided, and his credit ruined. [ECF No. 33-1 at 19–27].

Petitioner was indicted by the Fairfield County grand jury in February 2011 for three counts of financial identity fraud (2011-GS-20-35, -36, -37). [ECF No. 33-2]. Petitioner was represented by Mike Lifsey, Esq. [ECF No. 33-1]. On April 3, 2012, Petitioner pled guilty to all counts before the Honorable Casey L. Manning, Circuit Court Judge. [*Id.*, ECF No. 33-2 at 3, 7, and 12 (sentencing sheets)]. Judge Manning sentenced Petitioner to two concurrent terms of 10 years each and a consecutive term of 10 years, and

provided that upon the service of three years' confinement, the balance would be suspended with probation. Judge Manning also ordered restitution of $30,000. [ECF No. 33-1 at 37–38].

Petitioner filed a direct appeal through plea counsel, who informed the court that there was no merit to the appeal. [ECF No. 33-5]. On July 18, 2013, the Court of Appeals dismissed the appeal, and issued the remittitur on August 13, 2013. [ECF No. 33-6]. Petitioner filed a motion seeking, inter alia, a writ of certiorari and a writ of habeas corpus, which the South Carolina Supreme Court dismissed on January 14, 2014, finding there was no appellate jurisdiction. *Id.*

On August 30, 2012, Petitioner filed an application for post-conviction relief ("PCR"), asserting claims of lack of subject matter jurisdiction, ineffective assistance of counsel, and involuntary guilty plea (2012-CP-20-352). [ECF No. 33-3]. Petitioner is represented in his PCR action by Michael Hemlepp, Esq. Respondent states that at a hearing in February or March 2014, Petitioner indicated he wished withdraw his PCR application if it would have no effect on his pending federal lawsuit pursuant to § 1983 and his federal habeas action. [ECF No. 33 at 4]. It appears that upon being informed that withdrawing his PCR application would not affect his federal habeas petition, Petitioner chose to not withdraw his PCR action, and another PCR hearing was scheduled for July 28, 2014. [ECF No. 46-1 at 2]. On September 10, 2014, the Honorable W. Jeffrey Young, Circuit Court Judge, dismissed Petitioner's PCR hearing. [*Id.* at 1–12]. It appears that Petitioner appealed the dismissal of the order denying his PCR in October 2014, but there

is no indication in the record that the PCR appeal has concluded. [*See* Fairfield County Sixth Judicial Circuit Public Index, http://publicindex.sccourts.org/Fairfield/PublicIndex/CaseDetails.aspx?County=20&CourtAgency=20002&Casenum=2012CP2000352&CaseType=V]. Therefore, this petition should be dismissed without prejudice for failure to exhaust state remedies.

II.     Discussion

Petitioner raises the following grounds in his petition:

**Ground One**: Lack of Jurisdiction over the subject matter.

**Ground Two:** Constitutionally defective guilty plea.

**Ground Three:** Ineffective Assistance of Counsel.

**Ground Four:** Involuntary guilty plea.

**Ground Five:** Plaintiff was not read or otherwise informed of his rights when he was arrested on November 3, 2010.

**Ground Six:** Plaintiff was falsely imprisoned by the bondsman on March 30, 2012 per request of Assistant Solicitor Riley Maxwell in retaliation for plaintiff not being in agreement to the restitution.

**Ground Seven:** The Honorable L. Casey Manning, per Solicitor Maxwell's request and misleading information, erroneously ordered the plaintiff to pay restitution on a charge that was dismissed which the State openly acknowledged on the record that they did not have jurisdiction.

**Ground Eight:** Illegal search and seizure of plaintiff's vehicle on November 3, 2010.

**Ground Nine:** Illegal search of plaintiff's storage unit and seizure of $9,000.00.

**Ground Ten:** Illegal search and seizure of plaintiff's U.S. mail without any court order or search warrant.

**Ground Eleven:** Assistant Solicitor Maxwell unlawfully obtained an Order on March 7, 2011 directing E* Trade Financial to release funds held in this account.

**Ground Twelve:** The State denied the plaintiff due process of law and intentionally neglected to give any notice of the forfeiture hearing held on March 7, 2011.

**Ground Thirteen:** Assistant Solicitor Maxwell unlawfully obtained a court order directing the Fairfield County Sheriff's Office to release the $9,882.00 that was illegally seized from the plaintiff.

**Ground Fourteen:** The State denied the plaintiff due process and equal protection of the law by failing to provide any notice of the forfeiture hearing that was held on October 12, 2011.

**Ground Fifteen:** Assistant Solicitor Maxwell unlawfully obtained a court order on April 5, 2012, directing the transfer of the ownership of the plaintiff's vehicle that was illegally seized.

**Ground Sixteen:** The State denied the plaintiff due process of law and deprived him of his personal property and constitutional rights on April 5, 2012.

**Ground Seventeen:** Plaintiff's conviction was unlawful as he was denied his Sixth Amendment constitutional right to a speedy trial.

**Ground Eighteen:** Plaintiff's conviction and sentence was obtained in violation of the law. Plaintiff was denied his Sixth Amendment constitutional right to a trial in the "State and district wherein the crime shall have been committed."

**Ground Nineteen:** Plaintiff's conviction and sentence was obtained in violation of the law because the Assistant Solicitor Riley Maxwell and Jeff Talbert, investigator for the Fairfield County Sheriff's Office, concealed evidence and information that would have exonerated the plaintiff.

**Ground Twenty:** Plaintiff was unlawfully convicted and sentenced for a crime in which Investigator Talbert, during the course of his investigation, was able to obtain numerous bank ATM surveillance photographs of two of his relatives withdrawing cash.

**Ground Twenty One:** The State has continuously rejected and denied the plaintiff's requests for discovery, in violation of State and Federal law and the Sixth and Fourteenth Amendments of the U.S. Constitution.

**Ground Twenty Two:** Plaintiff's conviction and sentence was obtained in violation of the law because the Assistant Solicitor had the plaintiff picked up by the bondsman and falsely imprisoned on March 30, 2012.

**Ground Twenty Three:** Plaintiff's sentence violates the Due Process Clause of the Fourteenth Amendment.

**Ground Twenty Four:** Plaintiff's sentence is an obvious departure from the ordinary guidelines applied to persons pleading guilty and constitutes cruel and unusual punishment in violation of the Eighth Amendment to the U.S. Constitution.

**Ground Twenty Five:** Plaintiff's conviction and sentence was obtained in violation of the law because he is in fact innocent.

**Ground Twenty Six:** Plaintiff has recently learned that he had a constitutional right to be represented by counsel for his appeal even though he could not afford one.

**Ground Twenty Seven:** Had plaintiff not been deprived of his right to counsel, he clearly would have been able to raise each claim that had been known and exhausted all State remedies.

**Ground Twenty Eight:** Some grounds listed in this Petition were only recently uncovered and made known (i.e., constitutional violations of conducting forfeiture hearings without the plaintiff's knowledge, illegal search and seizure of plaintiff's U.S. mail, unlawful transfer of plaintiff's property, etc.)

**Ground Twenty Nine:** As a result of the Assistant Solicitor's misconduct prior to and at the plea hearing, plaintiff is entitled to relief "on the law."

**Ground Thirty:** Plaintiff is entitled to relief on the basis of legally insufficient evidence to support a conviction.

[ECF No. 1 at 5–10, 1-2].

    A.    Habeas Corpus Standard of Review

        1.    Generally

Because Petitioner filed his petition after the effective date of the AEDPA, review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S.

320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 410.  Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

        2.      Procedural Bar

Federal law establishes this court's jurisdiction over habeas corpus petitions.  28 U.S.C. § 2254.  This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim.  *Id.*  The separate but related theories of exhaustion and procedural bypass operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts.  A habeas corpus petition filed in this court before the petitioner has appropriately exhausted available state-court remedies or has otherwise

bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

> (b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that—
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B) (i) there is an absence of available State corrective process; or
> >
> > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.

The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1)

through a direct appeal, or (2) by filing an application for PCR.   State law requires that all grounds be stated in the direct appeal or PCR application. Rule 203 SCACR; S.C. Code Ann. § 17-27-10, *et seq.*; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976).   If the PCR court fails to address a claim as is required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP.  Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. *Marlar v. State,* 653 S.E.2d 266 (S.C. 2007).[2] Furthermore, strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

The United States Supreme Court has held that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"—which includes "petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999). This opportunity must be given by fairly presenting to the state court "both the operative facts and the controlling legal principles" associated with each claim. *Baker v. Corcoran,* 220 F.3d 276, 289 (4th

---

[2] In *Bostick v. Stevenson*, 589 F.3d 160, 162–65 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007, decision in *Marlar*, South Carolina courts had not been uniformly and strictly enforcing the failure to file a motion pursuant to Rule 59(e), SCRCP, as a procedural bar.  Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

9

Cir.2000) (citing *Matthews v. Evatt,* 105 F.3d 907, 911 (4th Cir.1997) (internal quotation marks omitted)). That is to say, the ground must "be presented face-up and squarely." *Mallory v. Smith*, 27 F.3d 991, 995 (4th Cir.1994) (citation and internal quotation marks omitted).

The South Carolina Supreme Court has held that the presentation of claims to the state court of appeals without more is sufficient to exhaust state remedies for federal habeas corpus review. *State v. McKennedy,* 559 S.E.2d 850 (S.C. 2002); *see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases,* 471 S.E.2d 454 (S.C. 1990). The *McKennedy* court held that *In re Exhaustion* had placed discretionary review by the South Carolina Supreme Court "*outside* of South Carolina's ordinary appellate review procedure pursuant to *O'Sullivan*." 559 S.E.2d at 854. As such, it is an "extraordinary" remedy under *O'Sullivan*, "technically available to the litigant but not required to be exhausted," *Adams v. Holland*, 330 F.3d 398, 403 (6th Cir. 2003).

Because the South Carolina Supreme Court has held that presentation of certain claims to the South Carolina Court of Appeals without more is sufficient to exhaust state remedies, a claim is not procedurally barred from review in this court for failure to pursue review in the South Carolina Supreme Court after an adverse decision in the South Carolina Court of Appeals.

### B.     Analysis

Respondent argues that the petition should be dismissed without prejudice, as Petitioner has not exhausted his state remedies. Petitioner does not dispute that he has

10

failed to exhaust his state court remedies, but argues that the court should find that he has nevertheless exhausted his state court remedies due to the state's delay in ruling on his PCR application. [ECF No. 37 at 5].

Title 28 U.S.C. § 2254(b) provides that, "[a]n application for writ of habeas corpus . . . shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State; or there is an absence of available State corrective process; or circumstances exist that render such process ineffective to protect the rights of the applicant." Therefore, Petitioner's federal remedy of a writ of habeas corpus under § 2254 can only be sought after he has exhausted all of his remedies in the courts of the State of South Carolina. *See Picard v. Connor,* 404 U.S. 270 (1971), *Braden v. 30th Judicial Circuit Court,* 410 U.S. 484, 490–491 (1973), *Patterson v. Leeke,* 556 F.2d 1168 (4th Cir. 1977), *and Richardson v. Turner,* 716 F.2d 1059 (4th Cir. 1983).

Respondent represents in his motion that a decision had not been rendered in Petitioner's PCR action. Since Respondent's motion was filed, Petitioner submitted a copy of the order of dismissal of his PCR action. [ECF No. 46-1]. There is no indication in the record that Petitioner's appeal of his PCR action has been considered. The exhaustion requirement may be excused in certain circumstances—one of which is inordinate delay on the part of the state which renders the PCR process ineffective. *See Wojtczak v. Fulcomer,* 800 F.2d 353, 354 (3d Cir.1986) (forty-two month delay excused exhaustion). However, the delay must be attributable to the state's procedures and not the actions of the applicant in order to excuse the delay. *Farmer v. Circuit Court,* 31 F.3d 219, 222 (4th Cir.1994)

11

(delay caused by applicant's escape from custody). In the Fourth Circuit, it appears that "the length of delay is not a determinative factor when some of the delay is attributable to [applicant]." *Walkup v. Haines,* 2005 WL 2428163, *3 (S.D.W.Va. 2005) citing *Matthews v. Evatt,* 51 F.3d 267, n. *. (4th Cir.1995) (unpublished). No evidence has been presented to show an absence of available state process, and the undersigned does not find that the state process available is ineffective in protecting Petitioner's rights.

     Petitioner's PCR is proceeding through the state courts on its normal course, except for the delay cause by Petitioner's request to withdraw and then reinstate it, causing his PCR hearing to be rescheduled. He has not shown inordinate delay and he should be required to continue to exhaust his claims in state court. *See Gary v. Bodison,* 2010 WL 2195464 (D.S.C.); *Mack v. South Carolina,* 2010 WL 4961729 (D.S.C.); and *McFadden v. Warden,* 2011 WL 8108456 (D.S.C.). No evidence has been presented to show an absence of available state process, and the undersigned does not find that the state process available is ineffective in protecting Petitioner's rights. *See Cabbagestalk v. McCall*, C/A No. 3:11-2665-SB, 2012 WL 3096040, at *3 (D.S.C. July 6, 2012) *report and recommendation adopted sub nom. Cabbagestalk v. McCall*, No. CIV.A. 3:11-2665-SB, 2012 WL 3096049 (D.S.C. July 30, 2012).

     Petitioner has failed to exhaust his state court remedies, subjecting this case to dismissal. Accordingly, the undersigned recommends that Respondent's motion to dismiss be granted and the petition dismissed without prejudice to allow Petitioner to fully exhaust his claims. *See Rose v. Lundy*, 455 U.S. 509, 515 (1982); *see also Sanders v. Warden,*

*Trenton Corr. Inst.*, C/A No. 4:13-1302-TMC, 2014 WL 1254115, at *4 (D.S.C. Mar. 26, 2014).[3]

III.     Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends the court grant Respondent's motion to dismiss [ECF No. 32] and deny Petitioner's motion for issuance of subpoena [ECF No. 28], motion for bail[4] [ECF No. 29], and motion for summary judgment [ECF No. 44].

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

January 23, 2015
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[3] The court is mindful that in *Rhines v. Weber*, the United States Supreme Court held that, "if a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." *Rhines v. Weber*, 544 U.S. 269, 278 (2005). Because the habeas statute of limitations has not yet run, and is presently being tolled during the pendency of state court collateral review, it does not appear that Petitioner runs the risk of forever losing his opportunity for any federal review of his claims if the district court dismisses the case without prejudice. *Id.* at 274–75.

[4] In his motion for bail, Petitioner argues that his sentence of 10 years exceeds the 5-year maximum provided in S.C. Code Ann. § 16-14-40(E) (financial transaction card forgery). [ECF No. 29-1 at 2]. However, Petitioner pled guilty to S.C. Code Ann. § 16-13-510, which carries a 10-year maximum.

13

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).