IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Robert James Miller, Jr., #316047, ) | Civil Action No.: 1:14-cv-483-RBH |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Warden McFadden, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner Robert James Miller, Jr., #316047 ("Petitioner"), a state prisoner proceeding *pro se*, initiated this suit by filing a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on February 24, 2014. *See* Pet., ECF No. 1. Petitioner pled guilty to three counts of financial identity fraud on April 3, 2012. *See* ECF No. 33-1; ECF No. 33-2 at 3, 7, and 12. Petitioner is currently incarcerated at Turbeville Correctional Institution in Turbeville, South Carolina. Respondent filed a motion to dismiss and return to the petition on June 26, 2014. *See* ECF Nos. 32–33.

The matter is now before the court for review of the Report and Recommendation ("R & R") of United States Magistrate Judge Shiva V. Hodges.[1] *See* R & R, ECF No. 50. In her R & R, the Magistrate Judge recommends that Respondent's motion to dismiss be granted and that Petitioner's petition be dismissed without prejudice. *See id.* at 11–12. She also recommends that the Court deny Petitioner's motion for issuance of subpoena, motion for bail, and motion for summary judgment. *See id.* at 12.

---

[1] This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C.

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) ("[D]e novo review [is] unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation."). The Court reviews only for clear error in the absence of a specific objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir.2005). Furthermore, in the absence of specific objections to the R & R, this Court is not required to give any explanation for adopting the recommendation. *See Diamond*, 416 F.3d at 315; *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

**DISCUSSION**

In the R & R, the Magistrate Judge recommends the Court dismiss the Petition without prejudice, as Petitioner has not exhausted his state court remedies. *See* ECF No. 50 at 12. The

Magistrate Judge noted that the online court records indicate that the PCR appeal is still pending.[2] *See Miller v. State of S.C.*, No. 2012-CP-20-00352 (S.C. Ct. Comm. Pls.), *available at* http://publicindex.sccourts.org/Fairfield/PublicIndex/CaseDetails.aspx?County=20&CourtAgency=20002&Casenum=2012CP2000352&CaseType=V (last visited Feb. 26, 2015). Moreover, the Magistrate Judge explained that Petitioner does not dispute that his PCR appeal is still pending, but instead argues that the Court should nevertheless find that he exhausted his state remedies due to the state courts' delay in disposing of his PCR application. *See* ECF No. 50 at 10–11. The Magistrate Judge found, however, that no evidence has been presented to show an absence of available state process, and that the available state process is not ineffective in protecting Petitioner's rights. *See id.* at 11–12. The Magistrate Judge noted that Petitioner has not shown inordinate delay, and thus he should be required to exhaust his claims in state court. *See id.* at 12. Accordingly, the Magistrate Judge found that Petitioner has not fully exhausted his state court remedies, and recommended dismissal without prejudice to allow Petitioner to fully exhaust his state court remedies. *See id.*

Petitioner timely filed objections to the Magistrate Judge's R & R. *See* Pet.'s Objs., ECF No. 59. In the objections, Petitioner again acknowledges that his appeal of the Circuit Court's Order of Dismissal of his PCR application is pending in the Supreme Court of South Carolina. *See* ECF No. 59 at 8. Petitioner, however, objects to the Magistrate Judge's statement that he withdrew and later reinstated his PCR application, and argues that he did not have a federal habeas action pending at that juncture. *See id.* at 1–3. Petitioner then argues that the delay in disposition of his

---

[2] Petitioner attached a letter from Wanda H. Carter, Esq., an attorney with the South Carolina Commission on Indigent Defense who is handling Petitioner's appeal in the Supreme Court of South Carolina, which supports this as well. In the letter, dated November 14, 2014, Ms. Carter notes that it may be a few months before a petition is submitted and that it will take "at least a year after that before the Court decides your case." *See* Letter, ECF No. 59-1 at 4 (emphasis in original).

PCR application was not due to his actions but rather is attributable to the state's procedures. *See id.* at 2. He contends that the State "unconstitutionally delayed" a decision for more than two years after he filed his application. *See id.* Petitioner notes that the exhaustion requirement may be excused where there is an inordinate delay on the part of the state which renders the PCR process ineffective. *See id.* at 3. Petitioner argues that his claims have merit and have been diligently pursued and fairly presented to the state courts, and they have been exhausted "numerous times." *See id.* at 5. Next, he argues that Respondent "repeatedly and intentionally delayed all proceedings." *See id.* at 14. Finally, he asserts that the Magistrate Judge did not properly consider all of his filings and view the facts in the light most favorable to him. *See id.* at 15.

Petitioner does not dispute that his PCR proceedings are ongoing. Moreover, as the Magistrate Judge correctly noted, the online case records plainly reflect that his PCR appeal is still pending. Accordingly, the Court agrees with the Magistrate Judge that dismissal without prejudice is warranted as Petitioner has not fully exhausted his state remedies. Petitioner's objections fail to establish that this case warrants an exception to the exhaustion requirement, as he has neither shown that there is "an absence of available State corrective process" or that "circumstances exist that render such process ineffective to protect the rights of the applicant." *See* 28 U.S.C. § 2254(b)(1)(B). Petitioner vehemently objects to the Magistrate Judge's statement that he initially requested to withdraw the petition and then reinstate it, causing the PCR hearing to be rescheduled. The Court notes, however, that even if Petitioner did not make such a request he still has not shown inordinate delay on the part of the state.

As the Fourth Circuit has explained, although a habeas petitioner is required to exhaust to the state's highest court, "[s]tate remedies may be rendered ineffective by inordinate delay or inaction in state proceedings." *Ward v. Freeman*, 46 F.3d 1129, 1995 WL 48002, at *1 (4th

Cir.1995) (unpublished table decision) (citations omitted).  The *Ward* court, however, addressed a <u>fifteen year</u> delay in a direct appeal from a conviction, and found that such a lengthy delay rendered the state remedies ineffective.  Here, the time between when the petition was filed and when the Circuit Court issued its Order of Dismissal was approximately 24 months.  The Court finds that this amount of time does not constitute an inordinate delay, and does not render Petitioner's state remedies ineffective.  Courts typically find an inordinate delay only when much longer periods of time have passed.  *See, e.g.*, *Turner v. Bagley*, 401 F.3d 718, 726–27 (6th Cir. 2004) (excusing exhaustion where the petitioner's state direct appeal had been pending for eleven years); *Lee v. Stickman*, 357 F.3d 338, 341–42 (3d Cir. 2004) (holding that an eight-year delay in reaching the merits of a post-conviction petition constituted inordinate delay); *Mathis v. Hood*, 851 F.2d 612, 614 (2d Cir. 1988) (six year delay); *see also Cobarruvias v. Cartledge*, No. 4:12-3069-DCN, 2013 WL 66233 (adopting Magistrate Judge's R & R which found that "[t]he fact that Petitioner's PCR case has been pending in the state court for twenty-two months <u>does not</u> qualify as inordinate delay, and does not render Petitioner's state court remedies ineffective" (emphasis added)).  Moreover, the appellate process began only a few months ago and is in its nascent stages.  Thus, Petitioner has not shown any inordinate delay with regard to his PCR appeal either.

Accordingly, the Court finds that Petitioner has failed to exhaust his administrative remedies, and that there has not been an inordinate delay on the part of the state which renders the PCR process ineffective.  Petitioner's objections, therefore, are overruled.  As the Fourth Circuit has explained, "when a petition includes both exhausted and unexhausted claims, the district court must dismiss the entire petition."  *Hedrick v. True*, 443 F.3d 342, 364 (4th Cir. 2006) (citing *Granberry v. Greer*, 481 U.S. 129, 131 (1987)).  Therefore, the Court will dismiss this action without prejudice to Petitioner's right to file another habeas petition once he has exhausted his state court remedies.

The Magistrate Judge also recommended that Petitioner's motion for issuance of subpoena, motion for bail, and motion for summary judgment be denied. *See* ECF No. 50 at 13. Petitioner did not address this recommendation in his objections. Finding no clear error, the Court adopts the Magistrate Judge's recommendation and denies those motions. Finally, Petitioner's "motion for complete case file" is found as moot in light of this Order.

### CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U .S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484, (2000); *see Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85. In the instant matter, the Court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

### CONCLUSION

The Court has thoroughly reviewed the entire record. For the reasons stated above and by the Magistrate Judge, the Court hereby overrules Petitioner's objections and adopts and incorporates by reference the Magistrate Judge's R & R.

**IT IS THEREFORE ORDERED** that Respondent's motion to dismiss, ECF No. 32, is **GRANTED** and Petitioner's Petition for a Writ of Habeas Corpus is **DISMISSED** *without prejudice*. **IT IS FURTHER ORDERED** that Petitioner's motion for issuance of subpoena, ECF No. 28; motion for bail, ECF No. 29; and motion for summary judgment, ECF No. 44, are

**DENIED**.  **IT IS ALSO ORDERED** that Petitioner's motion for complete case file, ECF No. 58, is **FOUND AS MOOT**.

Finally, **IT IS ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

                                           s/ R. Bryan Harwell
                                           R. Bryan Harwell
                                           United States District Judge

Florence, South Carolina
February 26, 2015